# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
07/16/2018
CT Log Number 533703741

**TO:** Jason Engel, Senior Vice President & General Counsel
Experian
475 Anton Blvd Bldg D
Costa Mesa, CA 92626-7037

**RE:** **Process Served in Maryland**

**FOR:** Experian Information Solutions, Inc. (Domestic State: OH)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Darissa Monroe, Pltf. vs. Comenity, LLC and Experian Information Solutions, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Report, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Anne Arundel County - Circuit Court, MD<br>Case # C02CV18001817 |
| **NATURE OF ACTION:** | Violation of the Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/16/2018 postmarked on 07/12/2018 |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days after the date it is issued |
| **ATTORNEY(S) / SENDER(S):** | Ingmar Goldson<br>THE GOLDSON LAW OFFICE<br>1734 Elton Road, Suite 210<br>Silver Spring, MD 20903<br>240-780-8829 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780109324682 |
| **SIGNED:** | The Corporation Trust Incorporated |
| **ADDRESS:** | 2405 York Rd<br>Suite 201<br>Lutherville Timonium, MD 21093-2264 |
| **TELEPHONE:** | 614-621-1919 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9414 9118 9956 0332 2817 46

CERTIFIED MAIL

9414 9118 9956 0332 2817 46

$12.93 US POSTAGE FIRST-CLASS FROM 20903 JUL 12 2018 stamps.com

**RESTRICTED DELIVERY REQUEST**

The Corporation Trust, Incorporated
c/o Experian Information Solutions
2405 York Road, Suite 201
Lutherville Timonium MD 21093-2252

**CIRCUIT COURT FOR ANNE ARUNDEL COUNTY,**
**MARYLAND**
8 Church Circle
Annapolis, Maryland 21401

Civil: 410-222-1431
Criminal: 410-222-1420
Juvenile: 410-222-1427
Trust/Adoption: 410-222-1331
TTY for Deaf: 410-222-1429
Maryland Relay Service: 711

To: EXPERIAN INFORMATION SOLUTIONS INC
SERVE ON THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD STE 201
LUTHERVILLE TIMONIUM MD 21093

Case Number: C-02-CV-18-001817
Other Reference Number(s):

DARISSA MONROE VS. COMENITY LLC, ET AL.

Issue Date: 7/11/2018

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

DARISSA MONROE
8329 Green Grass Rd
Laurel, MD 20724

This summons is effective for service only if served within 60 days after the date it is issued.

*Robert P. Duckworth*
Robert P. Duckworth
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a)

# SHERIFF'S RETURN
Circuit Court for Anne Arundel County

Sheriff fee: _____  By: _____

Served: _____

Time: _____  Date: _____

Unserved (Reason): _____

Instructions to Private Process:

1. This summons is effective for service only if served 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED
Anne Arundel Circuit Court
6/21/2018 11:35 AM

IN THE CIRCUIT COURT FOR Anne Arundel County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☐ PLAINTIFF  ☐ DEFENDANT    CASE NUMBER C-02-CV-18-001817
(Clerk to insert)

CASE NAME: Darissa Monroe vs. Comenity, LLC et al.
            Plaintiff              Defendant

PARTY'S NAME: _____ PHONE: _____
PARTY'S ADDRESS: _____
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Ingmar Goldson                PHONE: 240-78-08829
PARTY'S ATTORNEY'S ADDRESS: 1734 Elton Rd. Suite 210, Silver Spring MD 20903
PARTY'S ATTORNEY'S E-MAIL: igoldson@goldsonlawoffice.com

JURY DEMAND? ☒ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: ____ hours  3 days

### PLEADING TYPE

New Case: ☒ Original      ☐ Administrative Appeal   ☐ Appeal
Existing Case: ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☒ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: ____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)            Page 1 of 3

**IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)**

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

**MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)**

☐ Under $10,000    ☐ $10,000 - $30,000    ☒ $30,000 - $100,000    ☐ Over $100,000

☐ Medical Bills $_____   ☐ Wage Loss $_____   ☐ Property Damages $_____

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☐ Yes   ☒ No          C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration      ☐ Yes   ☒ No          D. Neutral Evaluation       ☐ Yes   ☒ No

**SPECIAL REQUIREMENTS**

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

**ESTIMATED LENGTH OF TRIAL**

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*   *(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☒ 3 days of trial time
- ☐ More than 3 days of trial time

**BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM**

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited - Trial within 7 months of Defendant's response            ☐ Standard - Trial within 18 months of Defendant's response

**EMERGENCY RELIEF REQUESTED**

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response  ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.
☐ Civil-Short — Trial 210 days from first answer.
☐ Civil-Standard — Trial 360 days from first answer.
☐ Custom — Scheduling order entered by individual judge.
☐ Asbestos — Special scheduling order.
☐ Lead Paint — Fill in: Birth Date of youngest plaintiff_____.
☐ Tax Sale Foreclosures — Special scheduling order.
☐ Mortgage Foreclosures — No scheduling order.

**CIRCUIT COURT FOR BALTIMORE COUNTY**

☐ Expedited (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

---

6/21/2018
Date

1734 Elton Rd. Suite 210
Address

Silver Spring     MD 2     20903
City              State    Zip Code

/s/ Ingmar Goldson
Signature of Counsel / Party

Ingmar Goldson
Printed Name

CC-DCM-002 (Rev. 04/2017)          Page 3 of 3

## IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY

Darissa Monroe
8329 Green Grass Rd.
Laurel, MD 20724
    *Plaintiff*

v.

Comenity, LLC
1209 Orange St
Wilmington, DE 19801
**Serve on:**
    The Corporation Trust Company
    1209 Orange St
    Wilmington, DE 19801

Experian Information Solutions, Inc.
505 City Parkway West
Orange County, CA 92668
**Serve on:**
    The Corporation Trust Incorporated
    2405 York Rd., Suite 201
    Lutherville Timonium, MD 21093

    Defendants.

Case No. C-02-CV-18-001817

## COMPLAINT

Plaintiff Darissa Monroe, through her undersigned attorneys, files this Complaint and Request for Jury Trial against Defendants Comenity, LLC dba Comenity Bank ("Comenity") and Experian Information Solutions, Inc. ("Experian"), and in support thereof states:

### Parties

1.     Darissa Monroe is a natural person and a resident of Anne Arundel County, Maryland.

2. Comenity, LLC is a Delaware LLC is a bank that lends credit to consumers, and is a "furnisher" that reports credit history to credit reporting agencies.

3. Experian is an Ohio corporation registered to do business in Maryland. Its principal office is 505 City Parkway West, Orange, CA 92668. Its registered agent in Maryland is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville, Timonium, MD 21093-2264.

4. Experian is a consumer reporting agency under 15 U.S.C. §1681a(f).

## Jurisdiction and Venue

5. This court has jurisdiction over this matter because the Defendants regularly transact business and perform work and services in Anne Arundel County, Maryland and have availed themselves of the jurisdiction of this Court.

6. Venue is appropriate in this Court because the Defendants conduct business within Anne Arundel County, Maryland.

## Statement of Facts

### A. Ms. Monroe's Bankruptcy Discharge

7. On September 29, 2016, Monroe files a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Maryland; Case no. 16-23090.

8. Monroe included credit card debt from a Comenity Bank Express card, and a Comenity Bank The Limited card in Schedule E/F Creditors Who Have Unsecured Claims (Official Form 106E/F). The creditor, Comenity Bank, was listed in the creditor's matrix.

9.     On January 12, 2017, The United States Bankruptcy Court, District of Maryland issued an Order of Discharge in Darissa Monroe's Chapter 7; Document no. 22 of Case no. 16-23090.

### B. Ms. Monroe's Attempt to Repair her Credit

10.    In October of 2017, Monroe checked her credit and saw that numerous credit accounts, including Express and Limited Comenity Bank accounts, were appearing on her Experian, Equifax and TansUnion credit files as open and delinquent accounts that had not been discharged in Bankruptcy.

11.    In December of 2017, Monroe checked her online web-based Express and Limited Comenity Bank credit card accounts and noticed that the accounts were still open and showing a minimum amount due.

12.    After attempting to notify the banks that the accounts had been discharged in Bankruptcy, in November of 2017, Monroe sent dispute letters to Experian, Equifax and Transunion informing them that certain accounts, including the Express and Limited Comenity Bank accounts are being reported inaccurately.

13.    On April 18, 2018, Monroe sent a second round of disputes to Experian and TransUnion informing them that the Express and Limited Comenity Bank accounts are being reported inaccurately. Monroe included the Bankruptcy case number and evidence including the discharge order on her disputes.

14.    Pursuant to 15 U.S.C. § 1681i(a)(2), Experian, Equifax and TransUnion were required to send the disputes and supporting documents to Comenity Bank, the furnisher of the inaccurate information.

15. Experian continues to report the false Comenity Bank trade lines after receiving the aforementioned disputes.

16. On information and belief, Experian failed to conduct a reasonable investigation of Ms. Monroe's disputes, as required by the FCRA.

17. On information and belief, Experian transmitted Ms. Monroe's disputes to Comenity Bank.

18. On information and belief, Comenity Bank failed to conduct a reasonable investigation of Monroe's disputes, and affirmed the truth of the false information that Comenity Bank was reporting to each CRA.

19. Experian continues to report the false Comenity Bank trade line after receiving the aforementioned disputes.

### C. Damage Inflicted By the Defendants

20. By illegally disregarding the discharge order on the United States Bankruptcy Court and continuing to hold open and report as current and valid two credit card debts, Comenity Bank caused economic damages and intangible damages related to emotional distress.

21. By failing to maintain policies and procedures that would ensure accurate reporting of consumer information, Experian caused economic damages and intangible damages related to emotional distress.

22. In March of 2017, Monroe was unable to secure a loan from her credit union due the aforementioned false and inaccurate reporting. Monroe ended up having to

4

use an auto lender who charged a higher rate of interest than the credit union would have provided and required a large down payment.

23.     In and around October of 2017, Monroe was denied rental housing due to the aforementioned false and inaccurate reporting.

24.     The aforementioned false and inaccurate reporting caused Monroe stress at work and at home, especially when she had to take time out of her workweek to attempt to remedy the false and inaccurate credit reporting.

25.     Due to the aforementioned false and inaccurate reporting, Monroe had to deal with shame and embarrassment when asking her parents to cosign for rental housing.

26.     Monroe suffered from anxiety and many sleepless nights, especially when her school tuition was due, due to the financial pressures inflicted by the aforementioned false and inaccurate reporting.

## COUNT One – Violation of the Fair Credit Reporting Act – Failure to Investigate

### (Defendant Comenity)

### 15 U.S.C §§ 1681 et. seq.

27.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

28.     The FCRA requires that a furnisher such as Comenity, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is

incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

29. From February of 2017 until the present, Comenity Bank has consistently provided inaccurate about Monroe information to Experian, TransUnion, and Equifax.

30. Monroe disputed the inaccurate information with each CRA at least twice.

31. Even after the Plaintiff numerous disputes with Experian, TransUnion, and Equifax, the CRAs continued to report the false and damaging information about the Plaintiff.

32. Pursuant to the FCRA, Experian, TransUnion, and Equifax each sent the Plaintiff disputes to the furnisher of the false information: Comenity Bank.

33. After the Plaintiff sent the dispute letters to the CRAs, and the CRAs sent the dispute letters to Comenity, Comenity "verified" the false reporting as accurate, knowing that Monroe did not owe the debt being reported.

34. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

35. After receiving notice by Experian, Equifax, and TransUnion, as required by the FCRA, Defendant Comenity Bank engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

a. Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

  b. Willfully failing to report the results of investigations to Experian, TransUnion, and Equifax;

  c. Willfully failing to report an accurate status of the inaccurate information to Experian, TransUnion, and Equifax;

  d. Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Monroe;

  e. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Monroe to Experian, Equifax and Trans Union and

  f. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

  36. In the alternative, the above-described violations were negligent.

  37. Comenity's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are described above.

### COUNT Two – Violation of the Fair Credit Reporting Act – Failure to Investigate

### (Defendant Experian)

### 15 U.S.C. §§ 1681 et. seq.

  38. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

39. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

40. The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." *Id.*

41. Experian failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

42. Experian failed to review and consider all relevant information submitted by Plaintiff.

43. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

## COUNT Three – Violation of the Fair Credit Reporting Act – Failure to Maintain Reasonable Procedures

### (Defendant Experian)

### 15 USC §§ 1681 et. seq.

44. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

45. Despite receiving complaints and disputes from the Plaintiff, the CRAs have failed to correct the disputed erroneous information.

46. Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b). The basis of this allegation is the fact that Monroe gave the CRAs definitive proof of the Bankruptcy discharge and the Plaintiff's inclusion of the Comenity debts in that bankruptcy case, including case file numbers and court orders, yet the CRAs continued to report the false debt.

47. As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

## COUNT Four - Defamation
### (All Defendants)

48. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

49. In reporting the false debt, and maintaining it on Plaintiff's credit report, Defendants knowingly made false and defamatory statements about Plaintiff.

9

50.  Defendant Comenity published false and defamatory publication to the Experian, who reasonably understood this publication to be defamatory after they received dispute letters from Monroe.

51.  Experian published this false and defamatory publication to Plaintiff's consumer report, which is accessibly by banks, potential employers, landlords, and other businesses, who would reasonably understand this publication to be negative, damaging, and/or harmful.

52.  Plaintiff's consumer reports were published to persons other than defendants in this suit.

53.  All Defendants acted with knowledge of, or with reckless disregard of, the falsity of the statements, once Monroe informed all Defendants that the reporting was false and provided documentary evidence of the bankruptcy discharge.

54.  As a result of the false and defamatory statements published by each Defendant, the character and reputation of Plaintiff were harmed, her standing and reputation before creditors and potential landlords was impaired, and she suffered mental anguish and personal humiliation.

### COUNT Five – Claim for Attorneys Fees Allowed By Law

### (All Defendants)

55.  The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

56.  Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.  Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendants that she believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

WHEREFORE, Plaintiff respectfully requests the following relief against all Defendants on all Counts:

A. Actual damages in excess of $75,000 as determined by a jury, for each count;

B. Statutory Damages of $1,500 for each willful violation of the FCRA;

C. Punitive Damages in an amount to be determined by a jury;

D. Attorneys fees pursuant to Rule 2-701 *et. seq.;* and

E. Such other and further relief as the nature of this case may require.

                         Respectfully submitted,

/s/Ingmar Goldson
Ingmar Goldson, Esq.
CPF # 1212110336
igoldson@goldsonlawoffice.com
THE GOLDSON LAW OFFICE
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.   (240) 780-8829

**Attorney for Plaintiff**

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

/s/Ingmar Goldson
Ingmar Goldson, Esq
CPF # 1212110336